[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In 1982, defendant-appellant Steven Day was convicted of rape and attempted aggravated murder. A sexual-predator hearing was conducted on September 28, 2000, while Day was still incarcerated. Following the hearing, Day was adjudicated a sexual predator. Day now appeals this adjudication, asserting that the trial court erred in finding him to be a sexual predator.
To obtain a sexual-predator adjudication, the state is required to prove by "clear and convincing" evidence that the offender has pleaded guilty to or has been found guilty of a sexually-oriented offense, and that the offender is likely to commit another sexually-oriented offense.[1] Recently, the Supreme Court of Ohio has outlined a model procedure for a sexual-offender-classification hearing.[2] In such a hearing, the court should provide a record for appellate review that bears upon whether the offender is likely to recidivate.[3] The court should consider R.C. 2950.09(B)(2) factors and discuss how the evidence relates to those factors.[4] And the court should permit the admission of expert testimony, where required, to assist the court in making its adjudication.[5]
It is uncontested in this case that Day was found guilty rape, which is a sexually-oriented offense. The issue, therefore, is whether the record establishes Day is likely to commit another sexually-oriented offense in the future.
The evidence before the trial court consisted of an institutional summary from the Ohio Department of Rehabilitation and Correction, Day's prior criminal record, a judgment entry and sentence, and a decision from this court affirming Day's conviction, and the court also relied on its own recollections of the trial. The evidence established that Day had forcibly raped a twelve-year-old boy who was fishing alone, and that Day had stabbed the boy in the heart. Further, the evidence established that Day had had several infractions during his incarceration, and that he had completed only sixteen hours of sex education. In applying the R.C.2950.09(B)(2) factors, the trial court found that, due to the age of the victim, the age of the offender, the nature of the sexual conduct, and the use of cruelty, Day was a sexual predator.
Based on the record and the court's findings, we hold that competent, credible evidence supports the determination that Day is likely to commit a sexually-oriented offense in the future.[6] Accordingly, we overrule the assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Sundermann, JJ.
[1] See R.C. 2950.01(E).
[2] See State v. Eppinger (2001), 91 Ohio St.3d 158, 166, 743 N.E.2d 881,888.
[3] See id.
[4] See id. at 166-167, 743 N.E.2d at 888.
[5] See id. at 166, 743 N.E.2d at 888.
[6] See State v. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570; C.E.Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus.